Barry I. Slotnick (BS-9796)
Jacques M. Rimokh (JR-0745)
Christina S. Monteiro (CM-8395)
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Defendants*
*Universal Music Latino, Universal Music and*
*Video Distribution, Inc., and Universal Music*
*Distribution Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CARTAGENA ENTERPRISES INC. d/b/a
CARTAGENA PUBLISHING,

                              Plaintiff,

              - against -

UNIVERSAL MUSIC LATINO, UNIVERSAL MUSIC
AND VIDEO DISTRIBUTION, INC., UNIVERSAL
MUSIC DISTRIBUTION CORP. and UNIVERSAL
MUSIC COLOMBIA,

                              Defendants.
-------------------------------------------------------------------x

Case No. 07 CV 3686 (DC)

**ANSWER AND AFFIRMATIVE**
**DEFENSES TO COMPLAINT**

      Defendants Universal Music Latino ("UML"), and Universal Music Group Distribution Corporation, named incorrectly herein as Universal Music and Video Distribution, Inc., and/or Universal Music Distribution Corp. (referred to collectively as "Defendants"), by their attorneys, Loeb & Loeb LLP, hereby respond to the Complaint of plaintiff Cartagena Enterprises Inc. d/b/a Cartegena Publishing ("Plaintiff"), as follows:

      1.     Deny the allegations of paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action for the claims described in said paragraph.

2. Deny the allegations of paragraph 2 of the Complaint, except admit that this action purports to arise under the Copyright Act of 1976 and that this Court has subject matter jurisdiction over the copyright claims.

3. Deny the allegations of paragraph 3 of the Complaint.

4. Deny the allegations of paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 5 of the Complaint.

6. Deny the allegations of paragraph 6 of the Complaint.

7. Deny the allegations of paragraph 7 of the Complaint..

8. Deny the allegations of paragraph 8 of the Complaint, except state that Universal Music and Video Distribution, Inc. is improperly named herein and the correct name for this defendant is Universal Music Group Distribution Corp. (referred to hereinafter as "UMGDC").

9. Deny the allegations of paragraph 9 of the Complaint, except admit that UMGDC distributes CDs in the United States, including in the State of New York.

10. Deny the allegations of paragraph 10 of the Complaint, except state that Universal Music Distribution Corp. is improperly named herein and the correct name for this defendant is UMGDC.

11. Deny the allegations of paragraph 11 of the Complaint, except admit that UMGDC distributes CDs in the United States, including in the State of New York.

12. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 15 of the Complaint, and objects to Plaintiff's use of the defined term "Copyrighted Songs" as asserting a legal conclusion. Defendants' responses below to any allegation containing this term are not intended to, and shall not, be construed as any admission that the referenced songs are "copyrighted."

16. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 17 of the Complaint.

18. Deny the allegations of paragraph 18 of the Complaint, except admit that UML released a CD entitled "Andy Montañez – Grandes Exitos" that includes tracks entitled "Medley #1" and "Medley 2."

19. Deny the allegations of paragraph 19 of the Complaint, except admit that UML released a 2-CD set entitled "Andy Montañez – Oro Salsero," that includes tracks entitled "Medley #1" and "Medley 2."

20. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 20 of the Complaint.

21. Deny the allegations of paragraph 21 of the Complaint, except admit that UML released a CD entitled "Superestrellas en Navidad Tropical" that includes a song titled "Viva Navidad."

22. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 22 of the Complaint.

23. Deny the allegations of paragraph 23 of the Complaint, except admit that UML has not requested or received a license from Plaintiff and has not paid Plaintiff for any of the alleged uses; however, Defendants deny that UML had any obligation to do so, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced songs on the CDs are the same musical compositions claimed by Plaintiff or whether said songs are "copyrighted."

24. Deny the allegations of paragraph 24 of the Complaint.

25. Deny the allegations of paragraph 25 of the Complaint.

26. Deny the allegations of paragraph 26 of the Complaint, except admit that Lideres Entertainment Group produced a 2-CD set entitled "Las 32 Mas Grandes de Andy Montañez."

27. Deny the allegations of paragraph 27 of the Complaint, except admit that UML has not requested or received a license from Plaintiff and has not paid Plaintiff for any of the alleged uses; however, Defendants deny that UML had any obligation to do so, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced songs on the CDs are the same compositions claimed by Plaintiff or whether said songs are "copyrighted."

28. Deny the allegations of paragraph 28 of the Complaint.

29. Deny the allegations of paragraph 29 of the Complaint, except admit that: UMGDC distributed a CD entitled "Andy Montañez – Grandes Exitos" that includes tracks entitled "Medley #1" and "Medley 2."

30. Deny the allegations of paragraph 30 of the Complaint, except admit that: UMGDC distributed a 2-CD set entitled "Andy Montañez – Oro Salsero" that includes tracks entitled "Medley #1" and "Medley 2."

31. Deny the allegations of paragraph 31 of the Complaint, except admit that UMGDC distributed a CD titled "Angel Canales – Millionarios de la Salsa" that includes a song titled "Caja de Sopresas" and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced song on the CD is the same musical composition claimed by Plaintiff or whether said song is "copyrighted."

32. Deny the allegations of paragraph 32 of the Complaint, except admit that UMGDC distributed a 2-CD set entitled "Las 32 Mas Grandes de Andy Montañez" and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced songs on the CD set are the same musical compositions claimed by Plaintiff or whether said songs are "copyrighted."

33. Deny the allegations of paragraph 33 of the Complaint, except admit that UMGDC manufactured and/or distributed a CD entitled "Bonny Cepeda, Retro" that includes a song titled "Que Canten Los Niños" and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced song on the CD is the same musical composition claimed by Plaintiff or whether said song is "copyrighted."

34. Deny the allegations of paragraph 34 of the Complaint, except admit that UMGDC has not received a license from Plaintiff and has not paid Plaintiff for any of the alleged uses; however, UMGDC denies that it had any obligation to do so, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the

referenced songs on the CDs are the same compositions claimed by Plaintiff or whether said songs are "copyrighted."

35. Deny the allegations of paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 41 of the Complaint.

42. Deny the allegations of paragraph 42 of the Complaint, except admit that UMGDC distributed a CD entitled "Superestrellas en Navidad Tropical" that includes a song titled "Viva Navidad" and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced song on the CD is the same musical composition claimed by Plaintiff or whether said song is "copyrighted."

43. Deny the allegations of paragraph 43 of the Complaint, except admit that UMGDC has not received a license from Plaintiff and has not paid Plaintiff for the alleged use; however, UMGDC denies that it had any obligation to do so, and deny knowledge or information

6

sufficient to form a belief as to the truth of the allegations regarding whether the referenced song on the CD is the same composition claimed by Plaintiff or whether said song is "copyrighted."

44. Deny the allegations of paragraph 44 of the Complaint.

45. Deny the allegations of paragraph 45 of the Complaint.

46. Deny the allegations of paragraph 46 of the Complaint, except admit that Defendants have not requested or received a license from Plaintiff for the alleged uses; however, Defendants deny that they had any obligation to do so, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced songs on the CDs are the same compositions claimed by Plaintiff or whether said songs are "copyrighted."

47. Deny the allegations of paragraph 47 of the Complaint, except admit that UML received a letter, dated April 6, 2007, from counsel for Plaintiff regarding "Julia," "Vagabundo," and "Santurce."

48. Deny the allegations of paragraph 48 of the Complaint.

49. Deny the allegations of paragraph 49 of the Complaint.

50. Deny the allegations of paragraph 50 of the Complaint.

### As and For a Response to the "First Cause of Action"
**(against Defendant Universal Latino)**

51. In response to paragraph 51 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 50 of the Complaint.

52. Deny the allegations of paragraph 52 of the Complaint, except admit that Plaintiff purports to bring this cause of action against UML.

53. Deny the allegations of paragraph 53 of the Complaint, except admit that UML released the CDs identified in subsections (i), (ii), (iii) and (iv); and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding "Los Maestros de la Salsa."

54. Deny the allegations of paragraph 54 of the Complaint, except admit that UML has manufactured and/or distributed sound recordings of musical compositions named "Julia," "Vagabundo," "Santurce," "Caja de Sopresas," and "Viva Navidad," and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced songs are the same compositions claimed by Plaintiff or whether said songs are "copyrighted."

55. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 56 of the Complaint.

57. Deny the allegations of paragraph 57 of the Complaint.

58. Deny the allegations of paragraph 58 of the Complaint.

59. Deny the allegations of paragraph 59 of the Complaint.

60. Deny the allegations of paragraph 60 of the Complaint.

**As and For a Response to the "Second Cause of Action"**
**(against Defendant Universal Latino)**

61. In response to paragraph 61 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 60 of the Complaint.

62. Deny the allegations of paragraph 62 of the Complaint, except admit that Plaintiff purports to bring this cause of action against UML.

63. Deny the allegations of paragraph 63 of the Complaint.

64. Deny the allegations of paragraph 64 of the Complaint.

65. Deny the allegations of paragraph 65 of the Complaint.

66. Deny the allegations of paragraph 66 of the Complaint.

67. Deny the allegations of paragraph 67 of the Complaint.

68. Deny the allegations of paragraph 68 of the Complaint.

### As and For a Response to the "Third Cause of Action"
### (against Defendant Universal Latino)

69. In response to paragraph 69 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 68 of the Complaint.

70. Deny the allegations of paragraph 70 of the Complaint, except admit that Plaintiff purports to bring this cause of action against UML.

71. Deny the allegations of paragraph 71 of the Complaint.

72. Deny the allegations of paragraph 72 of the Complaint.

73. Deny the allegations of paragraph 73 of the Complaint.

74. Deny the allegations of paragraph 74 of the Complaint.

75. Deny the allegations of paragraph 75 of the Complaint.

### As and For a Response to the "Fourth Cause of Action"
### (against Defendant Universal Latino)

76. In response to paragraph 76 of the Complaint, Defendants repeat as if fully set

forth herein their responses to the allegations contained in paragraphs 1 through 75 of the Complaint.

77.   Deny the allegations of paragraph 77 of the Complaint, except admit that Plaintiff purports to bring this cause of action against UML.

78.   Deny the allegations of paragraph 78 of the Complaint.

79.   Deny the allegations of paragraph 79 of the Complaint.

80.   Deny the allegations of paragraph 80 of the Complaint.

81.   Deny the allegations of paragraph 81 of the Complaint.

82.   Deny the allegations of paragraph 82 of the Complaint.

### As and For a Response to the "Fifth Cause of Action"
### (against Defendant Universal Music)

83.   In response to paragraph 83 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 82 of the Complaint.

84.   Deny the allegations of paragraph 84 of the Complaint, except admit that Plaintiff purports to bring this cause of action against UMGDC.

85.   Deny the allegations of paragraph 85 of the Complaint, except admit that UMGDC manufactured and/or distributed a CD entitled "Bonny Cepeda, Retro;" that this CD includes a song titled "Que Canten Los Niños;" and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced song on the CD is the same musical composition claimed by Plaintiff or whether said song is "copyrighted."

86.   Deny the allegations of paragraph 86 of the Complaint, except admit that UMGDC manufactured and/or distributed a CD entitled "Bonny Cepeda, Retro" that contains a

song titled "Que Canten Los Niños" and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced song is the same composition claimed by Plaintiff or whether said song is "copyrighted."

87. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 87 of the Complaint.

88. States that the allegations of paragraph 88 of the Complaint state a purely legal conclusion as to which no responsive pleading is required, and on that basis, deny the allegations of paragraph 88.

89. Deny the allegations of paragraph 89 of the Complaint.

90. Deny the allegations of paragraph 90 of the Complaint.

91. Deny the allegations of paragraph 91 of the Complaint.

92. Deny the allegations of paragraph 92 of the Complaint.

### As and For a Response to the "Sixth Cause of Action"
### (against Defendant Universal Music)

93. In response to paragraph 93 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 92 of the Complaint.

94. Deny the allegations of paragraph 94 of the Complaint, except admit that Plaintiff purports to bring this cause of action against UMGDC.

95. Deny the allegations of paragraph 95 of the Complaint, except admit that UMGDC distributed the CDs identified in subsections (i), (ii), (iii), (iv) and (iv); and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding "Los Maestros de la Salsa."

11

96. Deny the allegations of paragraph 96 of the Complaint, except admit that UMGDC has distributed sound recordings of musical compositions named "Julia," "Vagabundo," "Santurce," "Caja de Sopresas," and "Que Canten Los Niños," and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced songs are the same compositions claimed by Plaintiff or whether said songs are "copyrighted."

97. Deny the allegations of paragraph 97 of the Complaint.

98. Deny the allegations of paragraph 98 of the Complaint.

99. Deny the allegations of paragraph 99 of the Complaint.

100. Deny the allegations of paragraph 100 of the Complaint.

101. Deny the allegations of paragraph 101 of the Complaint.

**As and For a Response to the "Seventh, Eighth and Ninth Causes of Action"**
**(against Defendant Universal Colombia)**

102. In response to the allegations of paragraphs 102 through 125 of the Complaint, Defendants state that said allegations are not directed to any of the Defendants and, therefore, said allegations do not require a responsive pleading from Defendants.

**As and For a Response to the "Tenth Cause of Action"**
**(against Defendant Universal Distribution)**

126. In response to paragraph 126 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 125 of the Complaint.

127. Deny the allegations of paragraph 127 of the Complaint, except admit that Plaintiff purports to bring this cause of action against UMGDC.

128. Deny the allegations of paragraph 128 of the Complaint, except admit that UMGDC distributed a CD entitled "Superestrellas en Navidad Tropical" that includes a song titled "Viva Navidad" and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced song on the CD is the same musical composition claimed by Plaintiff or whether said song is "copyrighted."

129. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 129 of the Complaint.

130. Deny the allegations of paragraph 130 of the Complaint.

131. Deny the allegations of paragraph 131 of the Complaint.

132. Deny the allegations of paragraph 132 of the Complaint.

133. Deny the allegations of paragraph 133 of the Complaint.

134. Deny the allegations of paragraph 134 of the Complaint.

135. Deny the allegations of paragraph 135 of the Complaint.

## As and For a Response to the "Eleventh Cause of Action"
### (against all Defendants)

136. In response to paragraph 136 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 135 of the Complaint.

137. Deny the allegations of paragraph 137 of the Complaint, except admit that Plaintiff purports to bring this cause of action against all Defendants and Universal Colombia.

138. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 138 of the Complaint.

139. Deny the allegations of paragraph 139 of the Complaint.

140. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 140 of the Complaint.

141. Deny the allegations of paragraph 141 of the Complaint.

142. Deny the allegations of paragraph 142 of the Complaint.

143. Deny the allegations of paragraph 143 of the Complaint.

### As and For a Response to the "Twelfth Cause of Action"
### (against all Defendants)

144. In response to paragraph 144 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 143 of the Complaint.

145. Deny the allegations of paragraph 145 of the Complaint, except admit that Plaintiff purports to bring this cause of action against all Defendants and Universal Colombia.

146. Deny the allegations of paragraph 146 of the Complaint, except admit that Defendants have received monies from the distribution and sale of the CDs at issue in this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the referenced songs are the same compositions claimed by Plaintiff or whether said songs are "copyrighted."

147. Deny the allegations of paragraph 147 of the Complaint.

### As and For a Response to the "Thirteenth Cause of Action"
### (against all Defendants)

148. In response to paragraph 148 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 147 of the Complaint.

149. Deny the allegations of paragraph 149 of the Complaint, except admit that Plaintiff purports to bring this cause of action against all Defendants and Universal Colombia.

150. In response to paragraph 150, Defendants aver that it does not allege facts to which a response is required; however, Defendants deny that Plaintiff is entitled to the relief requested therein..

151. In response to paragraph 151, Defendants aver that it does not allege facts to which a response is required; however, Defendants deny that Plaintiff is entitled to the relief requested therein..

152. In response to paragraph 152, Defendants aver that it does not allege facts to which a response is required; however, Defendants deny that Plaintiff is entitled to the relief requested therein.

153. In response to paragraph 153, Defendants aver that it does not allege facts to which a response is required; however, Defendants deny that Plaintiff is entitled to the relief requested therein.

## As and For a Response to the "Fourteenth Cause of Action"
### (against all Defendants)

154. In response to paragraph 154 of the Complaint, Defendants repeat as if fully set forth herein their responses to the allegations contained in paragraphs 1 through 153 of the Complaint.

155. Deny the allegations of paragraph 155 of the Complaint, except admit that Plaintiff purports to bring this cause of action against all Defendants and Universal Colombia.

156. In response to paragraph 156, Defendants aver that it does not allege facts to which a response is required; however, Defendants deny that Plaintiff is entitled to the relief requested therein.

157. States that the allegations of paragraph 157 of the Complaint are a jury demand and, accordingly, do not require a responsive pleading.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense

158. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

159. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

160. Plaintiff's claims are barred, in whole or in part, by laches.

### Fourth Affirmative Defense

161. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### Fifth Affirmative Defense

162. Plaintiff's claims are barred, in whole or in part, by implied license.

### Sixth Affirmative Defense

163. Plaintiff's claims are barred, in whole or in part, due to lack of subject matter jurisdiction.

## Seventh Affirmative Defense

164.    To the extent that Plaintiff's claims are based upon state law, they are barred, in whole or in part, by preemption.

WHEREFORE, Defendants respectfully request judgment against Plaintiff as follows:

i)   Dismissing the Complaint in its entirety with prejudice;

ii)   Awarding Defendants their costs, including reasonable attorneys' fees, incurred in defending this action; and ordering Plaintiff to pay the same to Defendants; and

iii)   That such other and further relief be awarded to Defendants that this Court deems just, proper and equitable.

Dated:  June 21, 2007                             LOEB & LOEB LLP

By: _____
Barry I. Slotnick (BS-9796)
Jacques M. Rimokh (JR-0745)
Christina S. Monteiro (CM-8395)
345 Park Avenue
New York, New York  10154
(212) 407-4000

*Attorneys for Defendants*
*Universal Music Latino, Universal Music and Video Distribution, Inc., and Universal Music Distribution Corp.*

NY663677.1
211084-10001