CHIN,S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
CARTAGENA ENTERPRISES INC. d/b/a    :
CARTAGENA PUBLISHING,
                                    :

       Plaintiff,                      :

      -against-                           :    Case No. 07 CV 3686 (DC)

                  :
UNIVERSAL MUSIC LATINO,
UNIVERSAL MUSIC AND VIDEO          :
DISTRIBUTION, INC., UNIVERSAL MUSIC
DISTRIBUTION CORP. and UNIVERSAL   :
MUSIC COLOMBIA,
                                    :

       Defendants.                     :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/07

**MEMO ENDORSED**

## STIPULATION AND ORDER OF CONFIDENTIALITY

      WHEREAS, the parties in the above-captioned action (the "Action") are engaged in discovery proceedings pursuant to the Federal Rules of Civil Procedure; and

      WHEREAS, the parties may have been requested to produce trade secret, proprietary, confidential business or commercial information, and/or other confidential information during such discovery proceedings;

      WHEREAS, the parties to this Action wish to protect such confidential information from disclosure to persons not connected with this Action and want to ensure that confidential information disclosed in this Action is used only to prosecute or defend this Action; and

      WHEREAS, to facilitate discovery in connection with the Action while preserving the parties' respective positions as to whether or not particular information or documents in fact constitute confidential information, the parties have agreed to enter into this

-1-

Stipulation and Order of Confidentiality pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY STIPULATED AND ORDERED:

1.      This Order governs the handling of certain documents and other information produced or exchanged in the Action.

2.      All deposition testimony, trial testimony, discovery responses, documents and/or information of any kind or description which are designated, marked, or identified by the parties to this Action as containing confidential, proprietary, trade secret, personally or financially sensitive information, information of a non-public nature considered by the producing party to be sensitive, confidential and/or proprietary, or other competitively sensitive or proprietary marketing, financial or commercial information ("Confidential Matter") shall only be shown or disclosed in accordance with the terms and conditions set forth herein below.

3.      Any document or transcript or portion thereof, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain Confidential Matter shall be labeled by such party on each document or on such physical object with the designation "CONFIDENTIAL." In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced. All Confidential Matter not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Matter. Data produced in electronic form may be designated as Confidential Matter if the supplying party identifies the applicable designation to be assigned to each electronic file.

-2-

4.     The use of Confidential Matter shall be limited to the investigation, prosecution or defense of the above-captioned matter, which shall include discovery, trial preparation, litigation, trial and/or settlement of the Action, except that nothing herein shall impose any restrictions on a party's use of its own Confidential Matter. Confidential Matter disclosed pursuant to this Order shall not be used by the other party for any other purpose, or in any other manner, or disclosed to any other person or entity, and shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 5 hereof.

5.     All Confidential Matter disclosed hereunder shall be retained in the exclusive possession and control of counsel in such a manner as to preserve its confidential nature. The following persons shall be the only persons (hereinafter "Qualified Persons") who will be permitted to have access to Confidential Matter:

(a)     Counsel for the parties in this case, including both outside and in-house counsel and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks;

(b)     Each party, and any director, officer, member, or employee of a party;

(c)     Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this litigation;

(d)     Any third-party witness in preparation for their deposition or testimony at trial or a hearing in this litigation;

-3-

      (e)    As to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

      (f)    The Court and its personnel; and

      (g)    Court reporters or stenographers.

6.    All persons receiving any Confidential Matter under paragraphs 5(c) or (d) herein shall, prior to gaining access to such information, be shown a copy of this Stipulation and Order of Confidentiality and sign an undertaking in the form attached as Exhibit A. Counsel for each party shall maintain copies of all such undertakings. All persons receiving any Confidential Matter under paragraphs 5(c) or (d) herein shall return all Confidential Matter, and all copies and extracts thereof provided by counsel or prepared by them, to said counsel upon completion of review and/or analysis of the Confidential Matter.

7.    The parties acknowledge that, in the event Confidential Matter is to be filed with the Court in connection with any pleading, motion or proceeding, or is offered as evidence at any trial or at any hearing on any motion in the referenced action, the party filing it may, prior to filing the document, request that the Court and/or jury receive such Confidential Matter under seal. The parties agree to abide by the Court's directive regarding how to handle the use of such Confidential Matter.

8.    The production of data, information or documents pursuant to this Order does not constitute an admission that such data, information or documents are relevant or material to any present or future claims, nor is either party or their counsel waiving any such claims as to privilege, compatibility, burdensomeness, relevancy or materiality of such data, information or documents.

-4-

9.      A receiving party's agreement to treat designated material as Confidential Matter shall not be construed as an admission or agreement by that party that the designated document or other information does in fact reflect or contain any confidential information, notwithstanding that the designation of information as Confidential Matter shall subject the party receiving the information to the obligations set forth herein.

10.     In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, that party may thereafter as soon as practicable designate the document or other information as Confidential Matter. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall diligently attempt to retrieve all copies of the documents or information distributed to persons other than Qualified Persons, and thereafter such document or information shall be subject to the provisions of this Stipulation and Order of Confidentiality.

11.     The inadvertent or unintentional disclosure by the supplying party of Confidential Matter (regardless of whether the information was so designated at the time of disclosure), or information protected from disclosure by the attorney client privilege or the attorney work product doctrine, shall not necessarily be deemed a waiver in whole or in part of a party's claim of confidentiality, attorney client or work product privileges, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the supplying party gives notification to the other parties within five days from the discovery of such inadvertent or unintentional disclosure. Upon receiving such notification, all

-5-

parties that have received copies of the inadvertently produced document shall promptly return it to the supplying party and destroy any other copies thereof.

12.    Within sixty (60) days after the final conclusion of this litigation, including all appeals, all parties and persons subject to the terms of this Stipulation and Order of Confidentiality shall either: (1) destroy all originals and/or copies of each document or object that another party has designated as Confidential, and shall provide the opposing party a letter from counsel confirming the destruction; or (2) return the Confidential Matter to the party that designated it as Confidential. Notwithstanding the foregoing, counsel may retain their attorney work product, all court-filed documents, transcripts of depositions and court proceedings, written responses to discovery requests, and/or any other pleadings filed with the Court in this Action, even though they contain and/or describe Confidential Matter.

13.    If a party desires non-confidential treatment of any materials or information designated as Confidential Matter, it shall send or give notice to the designating party, and they shall attempt to resolve any dispute in good faith and in an expedited and informal manner. If such a dispute cannot be resolved informally and expeditiously, the party seeking non-confidential treatment may seek a Court order determining whether the disputed materials are entitled to be treated as confidential. The Confidential Matter in dispute shall be treated as confidential until the Court orders otherwise.

14.    Nothing shall prevent disclosures beyond the terms of this Confidentiality Agreement if the party that designated the information as Confidential Matter consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

15.    If any person possessing Confidential Matter is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks

-6-

Confidential Matter, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the party that produced the Confidential Matter and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

16. Any party to this Action may at any time apply to the Court for relief from any provision of this Stipulation and Order.

17. This Order may be executed by each party separately.

18. This Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

Dated: New York, New York
October 22, 2007

BALBER PICKARD MALDONADO &
VAN DER TUIN, PC

By: _____
Roger Juan Maldonado (RM-7035)

1370 Avenue of the Americas
New York, New York 10019
(212) 246-2400

*Attorneys for Plaintiff,* CARTAGENA
ENTERPRISES d/b/a CARTAGENA
PUBLISHING

LOEB & LOEB LLP

By: _____
Barry I. Slotnick, Esq. (BS-9756)

345 Park Avenue
New York, New York 10154
(212) 407-4162

*Attorneys for Defendants,* UNIVERSAL
MUSIC LATINO, UNIVERSAL MUSIC
AND VIDEO DISTRIBUTION, INC. and
UNIVERSAL MUSIC DISTRIBUTION
CORP.

SO ORDERED

this 24th day of Oct, 2007

_____
U.S.D.J.

NY680857.1
211084-10001

.7.

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
CARTAGENA ENTERPRISES INC. d/b/a        :
CARTAGENA PUBLISHING,

                                  :

        Plaintiff,

                                 :

       -against-                 Case No. 07 CV 3686 (DC)

                                 :

UNIVERSAL MUSIC LATINO,
UNIVERSAL MUSIC AND VIDEO        :
DISTRIBUTION, INC., UNIVERSAL MUSIC
DISTRIBUTION CORP. and UNIVERSAL    :
MUSIC COLOMBIA,

                                 :

        Defendants.

                                 :
------------------------------------------------ X

## AGREEMENT TO BE BOUND BY
## STIPULATION AND ORDER OF CONFIDENTIALITY

       I, the undersigned, acknowledge that I will be receiving Confidential Matter provided to me pursuant to the terms and restrictions of the Stipulation and Order of Confidentiality, dated _____, 2007, in the above-captioned action. I acknowledge that I have been given a copy of and have read that Stipulation and Order of Confidentiality, and I agree to be bound by all of its terms. The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any violation of the Stipulation and Order of Confidentiality.

Dated: _____, 200\_

                                    _____
                                    Signature

                                    _____
                                    Printed Name